12-417-cv
Brooklyn 13th St. Holding Corp. v. Nextel of N.Y., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of September, two thousand twelve.

PRESENT:   RALPH K. WINTER,
           ROBERT D. SACK,
           REENA RAGGI,
                      *Circuit Judges*.

-----------------------------------------------------------------------
BROOKLYN 13TH STREET HOLDING CORPORATION,
a New York Corporation,
                      *Plaintiff-Appellant*,


                      v.                                    No.  12-417-cv


NEXTEL OF NEW YORK, INCORPORATED, a Delaware
Corporation,
                      *Defendant-Appellee*.
-----------------------------------------------------------------------
APPEARING FOR APPELLANT:        ROBERT J. GUMENICK, Esq., New York, New York.

APPEARING FOR APPELLEE:         WAYNE F. DENNISON (Shoshana B. Kaiser, *on the brief*), Brown Rudnick LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Carol B. Amon, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 5, 2012, is AFFIRMED.

Brooklyn 13th Street Holding Corp. ("Brooklyn") appeals from the dismissal of its complaint for breach of contract by Nextel of New York, Inc. ("Nextel"). See Fed. R. Civ. P. 12(b)(6). We review the challenged dismissal de novo, construing the complaint as well as documents referenced therein in Brooklyn's favor. See Mortimer Off Shore Servs., Ltd. v. Federal Republic of Germany, 615 F.3d 97, 113–14 (2d Cir.), cert. denied, 131 S. Ct. 1502 (2011); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). We assume the parties' familiarity with the facts and record of prior proceedings, and we affirm substantially for the reasons stated in the district court's thorough and well reasoned opinion.

To state a claim for breach of contract, Brooklyn was required plausibly to allege (1) the existence of an agreement, (2) its own adequate performance, (3) breach by defendant, and (4) damages. See Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 177 (2d Cir. 2004). The district court determined that Brooklyn's claim failed on the first element because Nextel's October 2007 Letter to Brooklyn unambiguously required Nextel only to "consider" relocating a wireless service antenna on Brooklyn's roof; it did not obligate Nextel to do so. Because we agree that the language admits no other

2

construction, we affirm the judgment of dismissal.  See Continental Ins. Co. v. Atl. Cas. Ins. Co., 603 F.3d 169, 180 (2d Cir. 2010).

Brooklyn nevertheless argues that Nextel's preparatory efforts to relocate the antenna indicate that the October 2007 Letter was a Type I preliminary agreement creating an enforceable obligation for Nextel to relocate the antenna.  See Brown v. Cara, 420 F.3d 148, 153 (2d Cir. 2005) (discussing Type I and II preliminary agreements under New York law); Adjustrite Sys., Inc. v. GAB Bus. Servs., Inc., 145 F.3d 543, 547–49 (2d Cir. 1998) (same).  Brooklyn never raised this argument in the district court despite its availability; thus, we deem it waived.  See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 124 n.29 (2d Cir. 2005).  The argument is meritless in any event, because Nextel's expressed willingness to "consider" relocating the antenna does not indicate an intent to bind itself "to the ultimate objective" of relocating the antenna.  Brown v. Cara, 420 F.3d at 154.  Indeed, the plain language of the October 2007 Letter invokes the "strong presumption against finding binding obligation in agreements which," inter alia, "call for future approvals."  Id. (internal quotation marks omitted).  Finally, Nextel's procurement of cost estimates from contractors for performing the work required to move the antenna is insufficient to demonstrate a definite commitment to carry out the relocation.  It demonstrates only that Nextel was honoring its more limited promise to "consider" doing so.

Thus, like the district court, we conclude that Brooklyn fails to state a contract claim because it has not pleaded facts plausibly demonstrating an agreement to move the antenna at issue.  See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

We have considered Brooklyn's remaining arguments on appeal and conclude that they are without merit.  Accordingly, the judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4